UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN S. E. VONSCLOBOHM, | Case No. 2:18-cv-04527 JFW (ADS) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO SET ASIDE DISMISSAL AND DENYING MOTION FOR PRELIMINARY INJUNCTION |
| COUNTY OF LOS ANGELES, et al., | |
| Defendants. | |

## I.  **INTRODUCTION**

The above-captioned case is one of a number of cases filed by pro se plaintiff Susan Vonsclobohm ("Plaintiff") arising from acrimonious divorce and child custody proceedings between Plaintiff and her ex-husband Brian Evans.  Plaintiff asserts the state court divorce and custody proceedings violated her civil rights under 42 U.S.C § 1983 and requests the Court order the return of her children to her custody.  After failing to properly prosecute the case and repeated failures to comply with court orders, on January 18, 2019, this case was dismissed without prejudice and judgment was

entered. [Dkt. No. 40]. On March 4, 2019, Plaintiff filed the at issue Motion to Set Aside Dismissal, which is ready for decision. [Dkt. No. 41]. Having considered the papers filed in support of and in opposition to the motion and the Court's records, Plaintiff's Motion to Set Aside Dismissal is denied for the reasons stated below.

## II.  PROCEDURAL BACKGROUND

On May 24, 2018, Plaintiff filed this civil rights complaint under 42 U.S.C. § 1983 ("Complaint") against her ex-husband, Brian Evans ("Evans"), the County of Los Angeles, three social workers, Linda Flores, Nicole Levine, and Cathrine Woillard,[1] and two state court judges, the Honorable Mark Juhas ("Judge Juhas") and the Honorable Natalie Stone ("Judge Stone") (collectively referred to as "Defendants"). [Dkt. No. 1]. The Complaint arises out of ongoing family law proceedings in California state court which resulted in custody of Plaintiff's children being awarded to Evans. [Dkt. No. 1, p. 6]. This is the third of six cases, four civil rights complaints and two habeas petitions, Plaintiff filed in this court since 2014 related to this child custody dispute. Spell v. Cunningham III, Case No. 2:14-cv-09806 SJO MRW (Dec. 23, 2014); Spell v. County of Los Angeles, Case No. 2:15-cv-07775 GW PJW (Oct. 4, 2015);[2] Spell v. Stone, 2:19-cv-02073 JGB JC (March 20, 2019); Spell v. Stone, 2:19-cv-05886 JGB JC (Jul. 9, 2019); Vonsclobohm v. County of Los Angeles, Case No. 2:18-cv-0457 JFW ADS (May 24, 2018); Spell v. County of Los Angeles, Case No. 2:19-cv-06652 FMO ADS (Jul. 31, 2019).

---

[1] Plaintiff lists Catherine Woillard as a defendant twice.

[2] Plaintiff also opened a case on the same day as Case No. 2:15-cv-07775, which was closed by the court four days after Plaintiff opened it because Plaintiff failed to upload any documents, including a complaint. Spell v. County of Los Angeles, Case No. 2:15-cv-07776.

Shortly after Plaintiff filed this Complaint, three motions to dismiss were filed by the following defendants: Judge Juhas on June 14, 2018 [Dkt. No. 9], Albert Gibbs ("Gibbs")[3] on July 2, 2018 [Dkt. No. 13], and Evans on July 30, 2019 [Dkt. No. 19]. Despite requesting an extension of time to do so, Plaintiff failed to oppose these motions. Instead, on or around August 9, 2018, Plaintiff, using the name Susan S. E. Von Schlobohm, filed another civil rights complaint naming additional defendants ("Subsequent Complaint") without seeking leave of court to do so.[4] [Dkt. No. 22].

### **Failure to Respond to August Order Requiring Clarification**

On August 10, 2018, the Court issued a Notice to Filer of Deficiencies that notified Plaintiff that the Subsequent Complaint contained the following errors: (1) leave of court is required for filing; (2) it included more than ten Does or fictitiously named parties in violation of Local Rule 19-1; and (3) it lacked Plaintiff's signature. [Dkt. No. 23]. On August 16, 2018, the Court issued an Order Requiring Clarification ("August Order Requiring Clarification") directing Plaintiff to explain whether she wished to file a proposed amended complaint or proceed with the original Complaint. [Dkt. No. 24]. The Order also contained a second notice that the Subsequent Complaint contained the three errors listed in the Notice to Filer of Deficiencies. [Id., p. 2]. Plaintiff was advised that if she elected to file a First Amended Complaint by no later than August 30, 2018, she need not otherwise respond to the Order Requiring

---

[3] Defendant Gibbs was not named as a defendant in the original Complaint but filed a Motion to Dismiss the Complaint because he was served on June 19, 2018 with a copy of the summons and Complaint. [Dkt. No. 13, p. 2 n.1].

[4] Defendant Gibbs was one of the additional parties named in the Subsequent Complaint. [Dkt. No. 22, pp. 1, 3].

Clarification. The Court expressly warned Plaintiff that failure to timely file a response to the Order may result in a recommendation to the District Judge that this action be dismissed without prejudice for failure to prosecute and obey Court orders pursuant to the Federal Rule of Civil Procedure 41(b). Plaintiff failed to respond to this Court's Order Requiring Clarification or file a First Amended Complaint.

## Failure to Comply with September Order to Show Cause

On September 19, 2018 the Court issued an Order to Show Cause Re Plaintiff's Failure to Respond to the Court's Order Requiring Clarification ("September Order to Show Cause"). [Dkt. No. 30]. Plaintiff was advised that she "may respond to this Order to Show Cause by filing one of the following: (1) a First Amended Complaint naming all defendants and all claims, along with an explanation of why an amendment to the original Complaint is needed; or (2) a written response stating the desire to proceed with the original Complaint." [Dkt. No. 30, p. 2]. In this same Order to Show Cause, Plaintiff was again expressly warned that failure to file one of these two responses by no later than October 2, 2018 may result in a recommendation to the District Judge that this action be dismissed without prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b). [Id., p. 3].

On October 2, 2018, Plaintiff filed a First Amended Complaint. [Dkt. No. 31]. However, Plaintiff again failed to sign the First Amended Complaint. [Id., p. 56]. Interestingly, Plaintiff did sign a First Request for Relief from Number of Does, which she filed on October 3, 2018, one day after she filed the unsigned First Amended Complaint. [Dkt. No. 32, p. 8]. Plaintiff also failed to submit any explanation of why an amendment to the original Complaint was needed or in any way oppose the motions to dismiss. See [Dkt. No. 31].

**Failure to Respond to October Order**

On October 4, 2018, the Court issued an Order Striking the First Amended Complaint and Requiring Plaintiff to File a Signed First Amended Complaint By No Later Than October 9, 2018 ("October Order Striking"), striking the First Amended Complaint pursuant to Federal Rule of Civil Procedure Rule 11(a) and Local Rule 11-1. [Dkt. No. 34]. The Court expressly warned Plaintiff that failure to file a <u>signed</u> First Amended Complaint by October 9, 2018 would result in a recommendation that this action be dismissed. [<u>Id.</u>]. Again, Plaintiff failed to comply with the Court's order and file a signed First Amended Complaint.

**Failure to Respond to December Order to Show Cause**

On December 6, 2018, nearly two months after the deadline by which Plaintiff was ordered to file a signed First Amended Complaint, the Court issued another Order to Show Cause ("December Order to Show Cause") directing Plaintiff to show cause, by no later than December 20, 2018, why this action should not be dismissed for failure to prosecute and obey the Court's orders. This Order to Show Cause expressly warned Plaintiff that failure to file a signed First Amended Complaint or written response setting forth compelling reasons why Plaintiff has failed to timely file a signed First Amended Complaint would result in a recommendation to the District Judge that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b). [Dkt. No. 36, p. 3]. Again, Plaintiff failed to respond to the December Order to Show Cause or to file a signed First Amended Complaint.

**Failure to Object to Report and Recommendation**

On December 26, 2018, the Court issued a Report and Recommendation recommending that Plaintiff's case be dismissed for failure to prosecute the case and

comply with court orders pursuant to Federal Rule of Civil Procedure 41(b). [Dkt. No. 38]. On the same day, the Court issued a Notice of Filing of Magistrate Judge's Report and Recommendation, which instructed Plaintiff that any objections to the Report and Recommendation must be filed and served by January 15, 2019. [Dkt. No. 37]. Plaintiff did not file any objections to the Report and Recommendation.

On January 18, 2019, the Court issued an Order Accepting Report and Recommendation of United States Magistrate Judge and Dismissing Case [Dkt. No. 39] and a Judgment [Dkt. No. 40] dismissing the case without prejudice for failure to prosecute the case and comply with court orders. Plaintiff did not file a motion for reconsideration or a notice of appeal.

### **Motion to Set Aside Dismissal and for Preliminary Injunction**

Forty-five days after the filing of the Judgment, on March 4, 2019, Plaintiff filed the at issue Motion to Set Aside Dismissal with a memorandum in support ("Memorandum"). [Dkt. Nos. 41, 41-1]. Shortly thereafter, on March 12, 2019, prior to obtaining an order setting aside the dismissal, Plaintiff filed a motion for preliminary injunction titled, "Motion for Declaratory and Injunctive Relief and the Return of the Plaintiff's Four Biological Children" (hereafter referred to as "Motion for Preliminary Injunction"). [Dkt. No. 44]. On April 3, 2019, defendant Evans filed an Opposition to the Motion to Set Aside Dismissal ("Evans Opposition"). [Dkt. No. 50]. On the same day, Judges Juhas and Stone filed an Opposition to Plaintiff's Motion to Set Aside Judgment and Motion for Declaratory Relief ("Juhas/Stone Opposition"). [Dkt. No. 51]. Plaintiff filed a "Reply Brief in Support of the Plaintiff's Requst [sic] to be Heard; Motion to Set Aside Judgment and Motion for Declaratory Relief" ("Reply"). [Dkt. No. 56]. Plaintiff also filed two declarations. [Dkt. No. 41-2, 44-2].

Since the filing of the Motion to Set Aside Dismissal, and prior to receiving an order setting aside the judgment of dismissal, Plaintiff has filed something with the Court virtually every day in this case. These filings include a motion for preliminary injunction, fifteen requests for judicial notice, seventy-five exhibits, multiple supplemental briefs and ex parte applications, an amended petition, and multiple declarations, all related to the state court family dispute. Plaintiff also filed a request for default judgment in this closed case. [Dkt. No. 143]. Plaintiff's two habeas petitions, filed using the name Susan Spell and challenging a 2016 juvenile dependency court order, were summarily dismissed and Plaintiff's motions for reconsideration were denied. Spell v. Stone, 2:19-cv-02073 JGB JC (filed March 20, 2019); Spell v. Stone, 2:19-cv-05886 JGB JC (filed Jul. 9, 2019). Also using the name Susan Spell, Plaintiff filed another civil rights complaint against social workers and state court judges related to her child custody dispute. Spell v. County of Los Angeles, Case No. 2:19-cv-06652 FMO ADS (filed Jul. 31, 2019). Yet another civil rights case was filed by Christopher Von Schlobohm, who appears to be Plaintiff's current husband, related to Plaintiff's child custody dispute. Von Schlobohm v. County of Los Angeles, Case No. 2:19-cv-07358 DOC ADS (filed Aug. 23, 2019). These actions are pending.

III. **ANALYSIS**

    A. **Plaintiff's Arguments in Support of Motion**

In her Memorandum, Plaintiff presents a chronological factual background, beginning on May 23, 2018, that focuses on the alleged conduct of defendants Evans and Judge Juhas related to the underlying family law proceedings before Judge Juhas. [Dkt. No. 41-1, pp. 2-9]. Plaintiff makes four arguments why the Court should set aside the dismissal of this case. First, Plaintiff argues the Court should set aside the dismissal

for harmless error under Federal Rule of Civil Procedure 61 ("Rule 61") because "Plaintiff refiled her civil rights complaint with a signature, caption [sic] 'First Amended,' as requested." [Dkt. No. 41-1, p. 9]. Plaintiff also argues that defendants failed to notify her of a hearing or in-chamber meeting of January 19, 2019.[5] [Id.].

Second, Plaintiff argues the Court should set aside the dismissal for excusable neglect under Federal Rule of Civil Procedure 60 ("Rule 60"). [Id., p. 10]. Plaintiff argues that from May 1, 2018 through February 22, 2019, "Professionals such as school psychologist, pediatrician and drug rehabilitation doctors required full attention for [Plaintiff's child]'s suicide watches periodically." [Id.].

Third, Plaintiff argues the Court should set aside the dismissal for "perjury, fraud, fear of harm/duress/coercion." [Id., p. 12]. Plaintiff alleges she is under duress "from her fear of Evans harm" and Judge Juhas' alleged coercion to deny Plaintiff "protection from Evans crimes to her children." [Id.]. Plaintiff also states she "suffers financial duress and fear of Evans' threats of contempt, arrest and bench warrants from Juhas" and she "is also under duress from defendants that will not do their governmental duties to recuse." [Id.].

Finally, Plaintiff argues the "federal court must grant this motion to set aside the dismissal 1-19-2019 of her Plaintiff's civil rights action brought under 42 U.S.C. § 1983, suing the County and employees." [Id.]. Plaintiff asks the Court, "federal court must vacate orders 5-23-16, returning the Plaintiff's three biological children." [Dkt. No. 41-1, p. 13]. Plaintiff asserts that "federal court is the only remedy to correct this abuse of

---

[5] The Court's records do not reflect that a hearing or in-chamber meeting took place on or around January 19, 2019 in this case.

state power that violated the children/Plaintiff's fourth, sixth, and fourteenth amendment constitutional rights." [Id.]. In her Memorandum, Plaintiff seeks the following relief: (1) set aside the dismissal and "quashing service if alleged 1-19-19;" (2) grant a hearing on "these matters;" (3) vacate "erroneous findings/orders from false facts-juvenile dependency 5-11-16;" (4) grant an injunction or mandate returning Plaintiff's children with a protective order from Evans; (5) enforcing Plaintiff's eldest child's "170.6 removing Juhas from his DV and the Family court case;" (6) "[r]emove Juhas/Stone from this complaint post Injunction to return children;" and (7) bar "in chamber meetings or hearings without notice going forward." [Id. p. 14].

## B.  Defendant Evans' Arguments

In his Opposition, Evans argues the Motion to Set Aside Dismissal is "nothing more than an attempt to again re-litigate" the family law action related to Plaintiff and Evans' marriage dissolution and the Department of Child and Family Services' order removing the minor children from Plaintiff's care. [Dkt. No. 50, p. 3]. Evans then argues Plaintiff has failed to meet her burden under any subsection of Rule 60. [Id.]. Regarding "mistake, inadvertence, surprise or excusable neglect," Evans argues that these "all boil down to excusable neglect; i.e., a showing of a reasonable excuse for the default or entry of a judgment." [Id., p. 4]. Evans cites to the various forms of duress Plaintiff claims she was under and argues that "the 'duress' Plaintiff was under has no bearing on why she failed to simply sign her [Subsequent Complaint] and does not provide the basis for 'mistake.'" [Id.]. Evans asserts Plaintiff's neglect is not excusable because Plaintiff "knew she filed this action, she was provided with nearly five months to correct her various and repeated errors and further prosecute her case, and she simply failed to do so." [Id.]. Evans further notes that Plaintiff has failed to allege any newly

discovered evidence, fraud, misrepresentation or other misconduct that led to the filing of the judgment in this case, or to assert that the judgment is void or should no longer have prospective application, or any other reason to justify relief from the dismissal. [Id., pp. 5-7].

### C.    Judge Juhas' and Judge Stone's Arguments

In the Juhas/Stone Opposition, Judges Juhas and Stone argue Plaintiff has failed to establish sufficient grounds to support an order setting aside the dismissal under Rule 60.  [Dkt. No. 51, p. 4].  Specifically, Judges Juhas and Stone argue that Plaintiff's grounds do not establish mistake, surprise, or excusable neglect, and that Plaintiff's conclusory allegations regarding fraud are legal conclusions that the Court need not accept as true under Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), and Bureerong v. Uvawas, 922 F. Supp. 1450, 1462 (C.D. Cal. 1996).  [Id., p. 4].  They argue this case is barred against them by absolute judicial immunity and generally by Younger Abstention.  [Id., pp. 6-9].  Judges Juhas and Stone also argue, "Plaintiff's reliance on Rule 61 is misplaced as that Rule governs the erroneous admission or exclusion of evidence, and no evidence has been admitted or excluded in this action."  [Id., p. 2].  Judges Juhas and Stone assert Plaintiff's Motion for Preliminary Injunction is without merit and procedurally improper because, at a minimum, there is no case pending to support an issuance of a preliminary injunction.  [Dkt. No. 51, p. 4].

### D.    Plaintiff's Arguments in Reply

In her Reply, Plaintiff argues the Younger Abstention doctrine, res judicata and collateral estoppel do not bar her Motion for Preliminary Injunction.  [Dkt. No. 56, pp. 1-8].  Plaintiff also argues she has sufficiently established grounds for setting aside the dismissal.  [Id., pp. 8-18].  Plaintiff again re-alleges her assertions relating to the

state court proceedings from the Complaint, identifies conduct in the state court proceedings she believed was fraudulent, and asserts that Judge Stone lacked jurisdiction to issue her orders.  [Id., pp. 8-9].  Plaintiff makes various allegations that she asserts support setting aside the dismissal, all of which pertain to the state court proceedings.  These include the following contentions:  (1) Judge Juhas "misrepresents his in chamber order combining [Plaintiff's eldest child's] [domestic violence restraining order], refusing his duty to recuse;" (2) Judge Juhas issued orders outside of his jurisdiction in violation of Plaintiff's rights and aided Evans' abuse of the minor children; (3) Plaintiff has shown that her civil rights lawsuit is meritorious; (4) that "evidence of due process violations demonstrate Plaintiff's right to be heard;" and (5) "subdivision (6) relief has been granted when an innocent third party was harmed by the default judgment."  [Id., p. 13].  Plaintiff then appears to assert that she has presented evidence to support an "order for an attorney."[6]  [Id., p. 17].  Finally, Plaintiff argues that she should be granted leniency because of her pro se status and because courts liberally apply the rules regarding setting aside default judgments.  [Id., pp. 16-18].

### E.   <u>Standard of Review Under Rule 60</u>

A party may seek reconsideration on an order or judgment by filing a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP").  Reconsideration may be based on (1) mistake, inadvertence, surprise, or excusable

---

[6] On July 25, 2018, this Court denied Plaintiff's request for appointment of counsel. [Dkt. Nos. 16 and 18].  Plaintiff has not filed a subsequent request for appointment of counsel and no such motion is pending before the Court.

neglect; (2) newly discovered evidence;[7] (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment being void; (5) the judgment having been satisfied, based on a reversed or vacated earlier judgment, or where applying it prospectively would no longer be equitable; or (6) any other reason justifying relief.[8]  Fed. R. Civ. P. 60(b).  Rule 60(b) should be liberally construed.  See Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258-59 (9th Cir. 2010).  Before reaching the merits of Plaintiff's Motion to Set Aside Dismissal, the Court considers the timeliness of Plaintiff's motion.

### F.    Timeliness Under Rule 60(c)(1)

A Rule 60(b)(1) motion "must be made within a reasonable time," and "no more than a year after entry of the judgment or order."  Fed. R. Civ. P. 60(c)(1).  However, a court may deny a motion, even if it was filed within the one-year period, if the moving party "was guilty of laches or unreasonable delay."  Meadows v. Dominican Republic, 817

---

[7] As noted above, Plaintiff also makes vague references to "new evidence" that arose at various points in the underlying state court actions.  [Dkt. No. 41-12, pp. 8 (discussing evidence presented to Judge Juhas in 2019), 13-14 (discussing evidence presented to state, appellate, and supreme courts)].  However, Plaintiff provides no evidence that this information was unknown to her at the time of the judgment.  See Fed. R. Civ. P. 60(b)(2) ("newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial).  Further, the alleged "new evidence" is unrelated to the grounds on which Plaintiff's case was dismissed.  As such, the Court does not address Rule 60(b)(2).

[8] Plaintiff cannot rely on both Rule 60(b)(1) and Rule 60(b)(6) as these provisions are mutually exclusive.  Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993); see also Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1170 (9th Cir. 2002) ("The 'excusable neglect' clause is interpreted as encompassing errors made due to the 'mere neglect' of the petitioner whereas (b)(6) is intended to encompass errors or actions beyond the petitioner's control.") (citing Pioneer, 507 U.S. at 394).  Plaintiff explicitly discussed "excusable neglect" in her Memorandum in support of her Motion to set Aside Judgment, but only briefly mentions Rule 60(b)(6) in her Reply.  Compare [Dkt. No. 41-1, p. 10] with [Dkt. No. 56, p. 15].  As such, the Court understands Plaintiff's motion to be brought pursuant to Rule 60(b)(1) and does not conduct an analysis under Rule 60(b)(6).

F.2d 517, 520-21 (9th Cir. 1987); <u>Hidais v. Porter</u>, 2010 U.S. Dist. LEXIS 24810, 2010 WL 760561, at *1 (N.D. Cal. March 4, 2010).  What constitutes "'reasonable time' depends upon the facts of each case," and courts should take into consideration (1) "the interest in finality;" (2) "the reason for delay;" (3) "the practical ability of the litigant to learn earlier of the grounds relied upon;" and (4) "prejudice to the other parties." <u>Lemoge v. United States</u>, 587 F.3d 1188, 1196 (9th Cir. 2009) (quoting <u>Ashford v. Steuart</u>, 657 F.2d 1053, 1055 (9th Cir. 1981) (per curiam)).

## 1.  Interest in Finality of Judgment

"Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments." <u>TCI Group Life Ins. v. Knoebber</u>, 244 F.3d 691, 695 (9th Cir. 2001) (quoting <u>Pena v. Seguros La Comercial</u>, 770 F.2d 811, 814 (9th Cir. 1985)), overruled on other grounds, <u>Egelhoff v. Egelhoff ex rel. Breiner</u>, 532 U.S. 141 (2001).  "[E]ven though FRCP 60(b) motions are liberally construed, 'there is a compelling interest in the finality of judgments which should not lightly be disregarded.'" <u>In re Williams</u>, 287 B.R. 787, 793 (9th Cir. BAP 2002) (quoting <u>Pena v. Seguros La Comercial</u>, 770 F.2d 811, 814 (9th Cir. 1985)).  Accordingly, where "the time for filing an appeal to the underlying judgment has expired, the interest in the finality of judgments is to be given great weight in determining whether a FRCP 60(b)(1) motion is filed within a 'reasonable time.'" <u>In re Williams</u>, 287 B.R. at 793 (citing <u>Ashford</u>, 657 F.2d at 1055).

However, "where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute."

TCI Grp., 244 F.3d at 696.  The moving party still bears the "burden of demonstrating that, in a particular case, the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." Id.

Here, the Order Accepting Magistrate Judge's Report and Recommendation and Dismissing case and the Judgment were entered on January 18, 2019.  [Dkt. Nos. 39, 40].  Plaintiff did not file a notice of appeal as to the Judgment within the 30-day period required by Federal Rule of Appellate Procedure 4(a)(1)(A).  Fed. R. App. P. 4(a)(1)(A).  Plaintiff also did not file any objections within the period permitted for objections to a Magistrate Judge's Report and Recommendation, nor did Plaintiff file a Motion to Alter or Amend the Judgment within the period permitted under Federal Rule of Civil Procedure 59(e).

Although Plaintiff has presented extensive arguments attempting to show that the underlying case would be successful on the merits, she does not present any arguments as to why "the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments." TCI Grp., 244 F.3d at 696. Plaintiff has therefore failed to meet her burden under this factor.  The Court therefore finds that the interest in finality of the judgment weighs in favor of finding Plaintiff's motion untimely.  In re Williams, 287 B.R. at 793.

**2.  Reason for Delay and Plaintiff's Ability to Learn of the Grounds Relied Upon Earlier**

As to the reason for delay, Plaintiff argues her attention was elsewhere due to her eldest child's mental health treatment and the illnesses and deaths of her two siblings. [Dkt. No. 41-1, p. 10].  Plaintiff does not explain how these events precluded her from responding to the Court's orders or prosecuting the case.  Plaintiff does not provide

factual details to support her assertion that her attention was needed elsewhere.[9] See [Dkt. No. 41-1, pp. 7, 11]. Plaintiff also does not provide supporting evidence. Plaintiff's declarations in support of her Motion to Set Aside Dismissal and Motion for Preliminary Injunction are unsigned and, therefore, not competent or reliable evidence. [Dkt. Nos. 41-2, 44-2]; see 28 U.S.C. § 1746 (unsworn declaration must be signed "as true under penalty of perjury"); United States v. Goodwin, 395 F. App'x 491, 493 (9th Cir. 2010) (unsigned declaration not evidence). Although the Court is sympathetic to the potentially traumatic nature of these events, Plaintiff has provided insufficient detail and no evidence to support her assertions.

Further, since before the case was filed, Plaintiff has been aware of the circumstances she asserts were interfering with her ability to timely respond to Court orders. The record reflects that this civil rights case was filed by Plaintiff while she was engaged in her child's mental health treatment. Compare [Dkt. No. 41-1, p. 10 (asserting Plaintiff's attention was needed from May 1, 2018 through February 22, 2019)] with [Dkt. No. 1 (filing of Complaint on May 24, 2018)]. Therefore, the burden did not foreclose the preparation and filing of the complaint. Moreover, the docket reflects that Plaintiff has never filed a request for extension of time to respond to any of the Court's orders.[10] Even if Plaintiff were unable to devote the time to drafting a substantive

---

[9] Plaintiff provides some vague assertions, such as that in October 2018 "Dr. G. Smith, drug rehabilitation specialist, Dr. Rousseau therapist and M. Peterson, from N.'s high school, with Mr. Jared, his probation officers worked with N. and the Plaintiff to help prevent N.'s depression and suicidal ideations" and that on January 1, 2019 "Plaintiff's older brother's health conditioned worsened leading to his death." [Dkt. No. 41-1, p. 7].

[10] Plaintiff requested and was granted an extension of time in July 2018, [Dkt. Nos. 16, 18], indicating that Plaintiff was aware she could request additional time to comply with the Court's orders.

argument, Plaintiff has provided no reason for her failure to communicate with the Court in any way for five months.

Similarly, to the extent Plaintiff alleges fraud, Plaintiff was aware of all of the complained-of conduct at the time she filed her Complaint. <u>Compare</u> [Dkt. No. 41-1, p. 3, 8, 11, 12 (identifying fraud at various stages in the state court proceedings)]; <u>with</u> [Dkt. No. 1, p. 6 (identifying defendants' fraud in awarding child custody to Evans as a fact underlying the Complaint)].

On May 24, 2018, Plaintiff filed an Application for Permission for Electronic Filing ("Application") affirming that she understood that once she registered for e-filing, she would receive notices and documents only by email and that she had daily access to an email account to receive such notices. [Dkt. No. 4]. Plaintiff's Application was approved. [Dkt. No. 6]. As such, Plaintiff was served by email with the August Order Requiring Clarification, September Order to Show Cause, October Order Striking, December Order to Show Cause, Report and Recommendation, Notice of Filing of Magistrate Judge's Report and Recommendation, and January Order and Judgment. These orders provided Plaintiff with repeated notice of the fact that her case may be dismissed for failure to prosecute and failure to comply with court orders. [Dkt. Nos. 24, 30, 34, 36, 38]. Plaintiff has not argued or provided any evidence that she did not receive these orders. Nor has Plaintiff presented any arguments or evidence showing that she was unable to request an extension of time to respond to any of these orders. As such, Plaintiff has provided no evidence that anything "impeded [her] awareness of the court's ruling and all of the relevant facts and law." <u>See</u> <u>Ashford,</u> 657 F.2d at 1055. Thus, the second and third factors weigh in favor of finding Plaintiff's motion untimely.

### 3.    Prejudice to Defendant

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001), overruled on other grounds, Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001).  The standard for whether a party is prejudiced is whether the party will be able to pursue his defense, for example because of loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion.  See TCI Grp., 244 F.3d at 701 (quoting Thompson v. Am. Home Assurance, 95 F.3d 429, 433-34 (6th Cir. 1996)).

Neither Plaintiff nor Defendants have provided arguments or evidence regarding whether granting the Motion to Set Aside Dismissal would be prejudicial to the Defendants.  However, Plaintiff and her eldest child have filed a second action in the Central District of California alleging many of the same claims against many of the same defendants, including Judges Juhas and Stone.  See Spell, et al. v. County of Los Angeles, et al., No. 2:19-06652 FMO (ADS).  As such, granting Plaintiff's Motion to Set Aside Dismissal would subject Judges Juhas and Stone to duplicative litigation.  However, there is no indication that permitting this case to proceed would interfere with these defendants' ability to raise the issue of duplicative litigation in either proceeding. As such, the final factor weighs in favor of granting Plaintiff's Motion to Set Aside Dismissal.  Overall, based on the totality of the circumstances alleged in Plaintiff's Motion to Set Aside Dismissal and the entire record, and after applying the Ashford factors, the Court finds Plaintiff's Motion to Set Aside Dismissal was not made within a "reasonable time," as required by Rule 60(c)(1), and denies the Motion to Set Aside Dismissal as untimely.

## G. **<u>Excusable Neglect and Fraud Under Rule 60</u>**

Because the Court has found Plaintiff's motion under Rule 60 to be untimely, it does not need to conduct a substantive evaluation of Plaintiff's arguments. However, even if the Motion to Set Aside Dismissal were timely, Plaintiff has failed to show that she should be relived from the effect of the judgment under either Rule 60(b)(3) or 60(b)(1). The only grounds Plaintiff relies on in her briefing for the motion are excusable neglect and fraud. [Dkt. No. 41-1, pp. 10, 12]. "To prevail [on a Rule 60(b)(3) motion], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense."). <u>See</u> <u>De Saracho v. Custom Food Machinery, Inc.</u>, 206 F.3d 874, 880 (9th Cir.).

Plaintiff has presented no evidence that fraud caused her failure to comply with Court orders or prosecute this case. The fraud Plaintiff complains of relates to the underlying state court proceedings. [Dkt. No. 41-1, p. 3, 8, 11, 12]; <u>see</u> <u>also</u> [Dkt. No. 1, p. 6 (identifying defendants' fraud in awarding child custody to Evans as a fact underlying the Complaint)]. Therefore, Plaintiff has not shown fraud resulted in the judgment or that the conduct complained of prevented Plaintiff from "fully and fairly" presenting her case. <u>See</u> <u>De Saracho v. Custom Food Machinery, Inc.</u>, 206 F.3d 874, 880 (9th Cir.). As such, Plaintiff has failed to make the necessary showing for Rule 60(b)(3) relief.

Rule 60(b)(1) permits relief when the party's conduct is partly to blame for the delay, but the neglect is "excusable." <u>Pioneer Inv. Servs. v. Brunswick Assocs. Ltd.</u> <u>P'ship</u>, 507 U.S. 380, 393 (1993). To determine whether neglect is excusable, courts apply a "four-factor equitable test" and must consider "(1) the danger of prejudice to the

opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010) (citing Pioneer, 507 U.S. at 395).

### 1.    Danger of Prejudice

The danger of prejudice weighs in favor of setting aside the judgment. "Prejudice requires greater harm than simply that relief would delay resolution of the case." Lemonge v. United States, 587 F.3d 1188, 1196 (9th Cir. 2009) (citing TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 701 (9th Cir. 2001)). Under the Pioneer factors, prejudice must be considered in relation to the prejudice a plaintiff would suffer if the case were dismissed. Lemonge, 587 F.3d at 1196.

The Court has already found that there is no evidence Defendants would be prejudiced by granting the Motion to Set Aside Dismissal. Again, Defendants presented no arguments on this issue. See [Dkt. Nos. 50, 51]. That Defendants may have to defend the case on the merits does not constitute prejudice under Rule 60(b)(1). See Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000) (finding insufficient prejudice where defendants merely "would have lost a quick victory").

Plaintiff has also not presented arguments or evidence showing that she would be prejudiced if the Court denies her Motion to Set Aside Dismissal. The dismissal was without prejudice and, as the Court has noted, Plaintiff has already brought a second suit alleging similar claims against many of the same defendants. See Spell, et al. v. County of Los Angeles, et al., No. 2:19-06652 FMO (ADS). Plaintiff has not indicated that she faces any statute of limitations that would bar her from pursuing these claims in her new suit. Because neither party has presented evidence of any prejudice they would

suffer, the Court finds this factor does not weigh heavily in favor of either granting or denying the Motion to Set Aside Dismissal.

### 2. Length of the Delay and Potential Impact on Proceedings

Plaintiff's repeated failures to follow this Court's rules and orders and to timely respond weighs in favor of denying Plaintiff's Motion to Set Aside Dismissal. From August 10, 2019 through the filing of this Motion to Set Aside Dismissal on March 4, 2019, Plaintiff failed to adequately respond to any of the Court's orders. Between October 3, 2018 and March 4, 2019, Plaintiff did not communicate with the Court in any way regarding her case. Instead of addressing two of the three motions to dismiss, Plaintiff has caused considerable delay in reaching the merits of her case. Plaintiff's forty-five-day delay in filing the Motion to Set Aside Judgment, particularly when combined with the prior three-month failure to respond, is a considerable delay. See Bosley v. Velasco, 2016 U.S. Dist. LEXIS 170961, 2016 WL 8731195, at *3 (E.D. Cal. December 9, 2016) (finding "considerable" length of delay due to plaintiff's failure to prosecute weighed in favor of denial where plaintiff's alleged delay spanned two months); see also Top Lighting Corp. v. Linco Inc., 2019 U.S. Dist. LEXIS 39981, 2019 WL 1091333, at *3 (C.D. Cal. Feb. 5, 2019) (finding twenty-four-day delay between default judgment and Rule 60(b)(1) motion was reasonable); Rains v. Allstate Ins. Co., 2018 U.S. Dist. LEXIS 137454, 2018 WL 3830177, at *2 (C.D. Cal. March 26, 2018) (finding twenty-four-day delay between judgment and Rule 60(b)(1) motion was not substantial). As such, these factors weigh toward denying relief.

### 3. Reason for Delay and Whether Movant Acted in Good Faith

The reason for the delay factor weighs in favor of denying the Motion to Set Aside Judgment. While Plaintiff has not clearly acted in good faith, the Court declines to

decide that she has acted in bad faith. The court has already found that Plaintiff has failed to provide evidence of any reason that would justify the delay in failing to respond to multiple court orders. In considering the final <u>Pioneer</u> factors, defendants have not contended and the record at present is insufficient to show that Plaintiff acted in bad faith. In determining whether a party acts in bad faith, courts consider whether the error was due to negligence and carelessness rather than deviousness or willfulness. <u>See</u> <u>Bateman v. United States Postal Serv.</u>, 231 F.3d 1220, 1225 (9th Cir. 2000).

Plaintiff's conduct raises serious doubts that she has been acting out of mere "negligence" rather than "willfulness." As discussed above, Plaintiff failed to communicate with the Court in any way for five months. This extended delay, particularly when viewed together with Plaintiff's failure to fully comply with prior Court orders, indicates more than mere "negligence," but rather a willful disrespect for this Court's orders and local rules. Plaintiff argues that her attention was needed "periodically" for her son's mental health treatment and her siblings' deaths, but does not explain why she was unable to comply with the Court's orders.

Plaintiff also continues to file unsigned documents and has made at least one statement that is directly contradicted by the record. After twice being given notice that she must file a <u>signed</u> First Amended Complaint, Plaintiff filed an <u>unsigned</u> First Amended Complaint. [Dkt. No. 31]. Further, even after Plaintiff's case was dismissed for failure to prosecute her case and comply with Court orders instructing her to sign her filings, Plaintiff continued to file unsigned documents. Both of the "declarations" Plaintiff attached to the briefing for the Motion to Set Aside Judgment and Motion for Preliminary Injunction are unsigned. [Dkt. Nos. 41, 41-1, 41-2, 44-1, 44-2, 56]. Plaintiff asserts that she has filed a signed First Amended Complaint. [Dkt. No. 41-1, p. 9]. This

statement is irreconcilable with the record.  <u>See</u> [Dkt. No. 31, p. 56 (lacking signature)].

Plaintiff also argues that she should be granted leniency because of her <u>pro</u> <u>se</u> status.  [Dkt. No. 56, pp. 16-18].  However, Plaintiff's case was dismissed for her failure to prosecute and to comply with Court orders that simply required Plaintiff to sign her First Amended Complaint.  [Dkt. Nos. 24, 30, 34, 36].  These were not legally complex orders.  Overall, the four-factor test for excusable neglect weighs toward finding that Plaintiff's neglect was not excusable.  As such, were the Court to evaluate Plaintiff's motion on the merits, the Motion to Set Aside Dismissal would be denied under Rule 60(b).

### H.   **Harmless Error Rule**

Plaintiff's Motion to Set Aside Judgment, to the extent she relies on Rule 61, the Harmless Error rule, is without merit.  Under the "Harmless Error" rule, "[u]nless justice so requires, no error in admitting or excluding evidence–or any other error by the court or a party–is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order."  Fed. R. Civ. P. 61.  Plaintiff misunderstands Rule 61, arguing that Rule 61 permits the Court to set aside the dismissal because Plaintiff's error was harmless.  [Dkt. No. 41-1, p. 9].  To the contrary, Rule 61 <u>prohibits</u> the Court from disturbing a judgment based on an error, "unless refusal to do so is inconsistent with substantial justice."  <u>See</u> <u>Bunch v. United States</u>, 680 F.2d 1271, 1283 (9th Cir. 1982).  As such, Plaintiff's Motion to Set Aside Dismissal is denied to the extent she seeks relief from judgment under Rule 61.

### I.   **Motion for Preliminary Injunction**

Plaintiff's Motion for Preliminary Injunction is denied because the Motion to Set Aside Dismissal is denied and, as such, the case will remain closed.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Set Aside Dismissal is denied, and Plaintiff's Motion for Preliminary Injunction is denied.   All other pending motions, applications, and requests are vacated.  This action is closed, and no further filings shall be accepted without prior approval by the Court.


IT IS SO ORDERED.


Dated:  October 3, 2019


_____
THE HONORABLE JOHN F. WALTER
United States District Judge

Presented by:


   /s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge